# STATE OF MICHIGAN

# COURT OF APPEALS

In re E. W. POPS, Minor.

UNPUBLISHED
November 14, 2017

No. 337000
Ingham Circuit Court
Family Division
LC No. 14-000732-NA

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right from an order terminating his parental rights to EP, his son, under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Because the trial court did not err by terminating respondent's parental rights, we affirm.[1]

## I. BASIC FACTS

EP came into care in June 2014 after respondent was pulled over for fleeing and eluding a police officer while EP, then nine months old, was in the backseat. The police discovered marijuana and a scale in the vehicle when respondent finally pulled over. Respondent pleaded no contest to having fled from the police while his son was in the backseat, and the trial court assumed jurisdiction over EP. In July 2014, at the initial dispositional hearing, petitioner recommended that respondent participate in random drug screens, a substance abuse evaluation, parenting classes, and obtain employment, and the trial court adopted petitioner's recommendations. While the case was proceeding, respondent was incarcerated, and the court and petitioner had some concerns about his participation in services. In April 2015, the trial court ordered petitioner to initiate proceedings to terminate respondent's parental rights.

Following a July 2015 termination hearing, the trial court found that there was clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Respondent appealed to this Court, which reversed the termination decision after concluding that termination was improper under subsection (c)(*i*) and (g) because an incarcerated parent can provide proper care and custody by placing the child with a relative, and

---

[1] The trial court also terminated the parental rights of EP's mother. She has not appealed that decision.

-1-

although respondent had sought placement of the child with the child's grandmother, petitioner failed to properly consider whether the grandmother could become a licensed foster-care provider. *In re Pops*, 315 Mich App 590, 594-598; 890 NW2d 902 (2016). This Court also found that termination was improper under subsections (c)(*i*) and (g) because—contrary to the trial court's findings—respondent had participated in services on a meaningful level before he was incarcerated. *Id.* at 598-599. In regard to MCL 712A.19b(3)(j), this Court found that the trial court improperly terminated respondent's parental rights because petitioner did not present any evidence that respondent had ever harmed his child or was likely to do so. *Id.* at 600-601.

Following this Court's June 2016 reversal of the order terminating respondent's parental rights, respondent was again offered services by petitioner, including substance abuse counseling, random drug screens, parenting time, and individual therapy. Petitioner also re-considered EP's grandmother as a placement.[2] The record reflects that respondent missed a few parenting time sessions. Further, as the sessions continued, he appeared to be less engaged with EP. A family therapist testified that respondent appeared to be distracted by his cell phone during the sessions. She also testified that, although EP had some difficulty during the sessions following the restoration of respondent's parental rights, he was eventually able to identify respondent as a father figure. However, she did not believe the bond developed to "the point that I would like it where we would want the strength of, um, parent/child relationships to be." With regard to the individual counseling, respondent participated in three sessions, during which he denied having a history of or problems with substance abuse. Respondent missed two sessions with his individual counselor. At the termination hearing, the counselor testified that he was informed by petitioner that respondent was going to participate in substance abuse services through a different provider, so no additional sessions were offered. With regard to substance abuse, petitioner presented evidence that since having his parental rights restored, respondent missed nine random drug screens, tested positive five times for marijuana, and only attended one substance abuse counseling session.

There was also testimony that respondent was being overwhelmed by the requirements of the case, and he missed or was unable to fully participate in some services because they conflicted with his work schedule. His caseworker testified that she attempted to work with him to make the services less overwhelming, but she stated that he was not satisfied with any plans that she could come up with. His caseworker also testified that she located a parenting class for respondent to attend, but, by the time she located the class and heard back from respondent, it was too late for him to start. She stated that she told respondent that he could just participate in the next session of parenting classes that was offered. Respondent was also offered a psychological evaluation, but only attended two out of the four hours required to fully complete it.

---

[2] EP's grandmother opted not to pursue having EP placed with her because she was providing housing to respondent.

At the termination hearing, respondent testified that he was living with his mother and that there was room for EP. He also testified that he had obtained fulltime employment approximately a week after being released from incarceration. Respondent explained that he had only attended one substance abuse therapy session because his employment made it difficult for him to get there on time. He also stated that he was told he could "finish up" the psychological evaluation at a later time and that the doctor would contact him about it but failed to do so. Respondent indicated that he was willing to participate in parenting classes and stated that he attended parenting times twice a week. Respondent explained that he used his cell phone during parenting time to interact with EP by watching videos on it together. Respondent denied other use of his phone during parenting time except for work-related calls. Respondent testified that he wanted custody and felt that he was ready. Finally, respondent denied using substances and stated that he was complying with services "as much as I can."

The trial court found that termination of respondent's parental rights was proper under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j), and that termination of respondent's parental rights was in EP's best interests.

## II. STATUTORY GROUNDS

### A. STANDARD OF REVIEW

This Court reviews a determination of whether statutory grounds exist to terminate parental rights for clear error. *In re Trejo*, 462 Mich 341, 356-357, 373; 612 NW2d 407 (2000).

### B. ANALYSIS

Termination under MCL 712A.19b(3)(c)(*i*) requires a finding that "182 or more days have elapsed since the issuance of an initial dispositional order," "the conditions that led to the adjudication continue to exist" and "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." The trial court found that 182 days or more had elapsed since the initial dispositional order in 2014 and that respondent had failed to rectify his substance abuse or benefit from substance abuse services. EP came into care after respondent fled for 14 blocks from the police while EP was in the vehicle. Thereafter, the police found marijuana in the vehicle. Thus, one of the initial barriers to reunification was substance abuse.

Following this Court's remand to the trial court for further proceedings, respondent was scheduled for random drug screens. On five occasions, he tested positive for marijuana. He also missed nine screens, which were counted as positive screens. Respondent denied using marijuana and made excuses for why he tested positive. For example, he testified that he may have tested positive because his girlfriend used marijuana and he had kissed her. In addition, although respondent was scheduled to participate in substance abuse therapy, he only participated in one session. At the termination hearing, he testified that he only attended one session because his employment made it difficult to get to the therapy sessions on time. However, despite respondent's explanations for why he tested positive and why he was unable to attend more than one substance abuse counseling session, the record shows that substance abuse continued to be a problem. EP came into care when he was nine months old. At the time of the

second termination hearing, he had been in care for about 31 months. Given respondent's failure to rectify his substance abuse issues during that 31-month period, and given that he was denying even having a substance abuse problem despite testing positive for marijuana on multiple occasions, the trial court did not clearly err by finding termination was proper under MCL 712A.19b(3)(c)(*i*).[3]

Affirmed.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[3] Because only one statutory ground need be found by clear and convincing evidence, *In re Olive/Metts*, 297 Mich App 35, 41; 823 NW2d 144 (2012), we need not address whether termination was proper under MCL 712A.19b(3)(c)(*ii*), (g), and (j).